991 So.2d 292 (2008)
J.B.C.
v.
P.H.R. and H.R.
2061131.
Court of Civil Appeals of Alabama.
March 21, 2008.
Jason T. Fleishman of Fleishman Law Firm, Tuscaloosa, for appellant.
*293 Wayne L. Williams of Williams, Pradat & Collins, Tuscaloosa, for appellees.
PITTMAN, Judge.
J.B.C. ("the putative father") appeals from a summary judgment entered by the Pickens Circuit Court, sitting as the family court of Pickens County, in the putative father's action brought under the auspices of the Alabama Uniform Parentage Act, § 26-17-1 et seq. ("the AUPA"), against P.H.R. ("the mother") and H.R. ("the husband"); the putative father had sought a determination that he, not the husband, was the father of B.L.R. ("the child"). That a summary judgment in favor of the mother and the husband was entered on August 3, 2007, after a hearing on a motion filed by the mother and the husband seeking dismissal of the putative father's action (but as to which the parties had submitted evidentiary exhibits). The putative father filed his notice of appeal on August 24, 2007; he contends, on appeal, that the primary authority relied upon by the mother and the husband, Ex parte Presse, 554 So.2d 406 (Ala.1989), is distinguishable or is due to be overruled.
We cannot reach the merits of the putative father's appeal, however. The AUPA provides that "[a]ppeals may be taken from the juvenile or family court division of the district or circuit court directly to the Court of Civil Appeals" from a final judgment in a paternity action "if there is an adequate record or stipulation of the facts by the parties"; however, the notice of appeal is to be filed in the pertinent trial court "within 14 days of the entry of the judgment or order appealed from." Ala.Code 1975, § 26-17-20(b). Thus, as we stated in S.D.C. v. N.L., 864 So.2d 1089, 1090 (Ala.Civ.App.2002), "in an action to determine paternity, a notice of appeal ... to an appellate court ... must be filed within 14 days of the entry of the judgment or order in issue." The mother and the husband correctly note in their appellate brief that the putative father's notice of appeal in this case was filed 21 days after the judgment of dismissal was entered.
Because the putative father failed to file his notice of appeal within 14 days of the entry of the trial court's judgment dismissing his paternity action, this court is without jurisdiction to hear his appeal, and the appeal is due to be dismissed. See Rule 2(a)(1), Ala. R.App. P., and S.D.C., 864 So.2d at 1091.
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.